UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>  Plaintiff, )<br>)<br>  v. )<br>)<br>BRIAN J. LAVERTU & VICKIE J. )<br>LAVERTU, )<br>)<br>  Defendants, )<br>)<br>GRAND FALLS AGROMART LTD., )<br>LVNV FUNDING, LLC, )<br>MAINE POTATO GROWERS, INC., )<br>& MIDLAND FUNDING, LLC, )<br>)<br>  Parties-In-Interest. ) | Civil No.: 1:19-cv-00427-JAW |

## CONSENT JUDGMENT OF FORECLOSURE & SALE

This is a foreclosure action brought by Plaintiff the United States of America ("Plaintiff" or the "United States") to recover the balance due and owing on the promissory notes and mortgages that are described in the Complaint. As set forth in Plaintiff's Consent Motion for Judgment of Foreclosure and Sale (the "Consent Motion"), Defendants Brian and Vickie Lavertu ("Defendants") and Parties-in-Interest Grand Falls Agromart, Ltd., LVNV Funding, LLC, Maine Potato Growers, Inc., and Midland Funding LLC, have each consented to the entry of judgment in this matter. It appearing from the Consent Motion that (1) there is no genuine issue as to any material fact; (2) Plaintiff is entitled to judgment on the Complaint; (3) Defendants are neither infants nor incompetent persons, nor in the military service of the United States; and (4) the total amount due to the United States,

1

Farm Service Agency, as of January 10, 2020, is $620,854.23, together with interest and costs, it is ORDERED, ADJUDGED, AND DECREED that:

    1.    The Consent Motion is granted for Plaintiff.

    2.    Defendants have breached the conditions of Plaintiff's mortgages.

    3.    The real property that is the subject of this action and Judgment is as described in the Complaint (ECF No. 1) and as described in the real estate mortgages executed by Defendants and recorded in the Northern Aroostook County Registry of Deeds in, respectively: Book 912, Page 216; Book 919, Page 54; Book 948, Page 83; Book 1019, Page 336; Book 1033, Page 110; Book 1037, Page 167; Book 1077, Page 008; Book 1085, Page 278; Book 1121, Page 299; Book 1176, Page 51; Book 1220, Page 132; Book 1228, Page 1; Book 1266, Page 288; Book 1308, Page 105; Book 1364, Page 2; and Book 1402, Page 210.

    4.    There is due the United States, Farm Service Agency, the sum of $412,690.68, in principal, together with $208,163.55 in interest as of January 10, 2020, for a total of $620,854.23, plus interest accruing thereafter to the date of Judgment at the rate of $44.6009 per day, plus any advances made thereafter under the terms of the mortgages, plus costs.

    5.    If Defendants, their successors, heirs, or assigns do not pay Plaintiff the amount adjudged to be due herein within 90 days from the date of this Order, a representative of the Farm Service Agency, Department of Agriculture, on behalf of Plaintiff, shall sell the mortgaged real property at public sale pursuant to the requirements of 28 U.S.C. §§ 2001, 2002, and 2004; 14 M.R.S.A. §§ 6323 and 6324;

and this Judgment.  Notice of said sale shall be given by publishing a Notice of Sale, in a newspaper of general circulation in Aroostook County, Maine, once a week for four (4) weeks.  Such notice will not be published until after the expiration of the redemption period, but not later than ninety (90) days after the expiration of the redemption period.  This sale shall be held not less than thirty (30) days nor more than forty-five (45) days from the date of first publication.

6.     Defendants shall deliver possession of the real property to Plaintiff within ten (10) days after the foreclosure sale.

7.     The mortgagee, in its sole discretion, may allow the mortgagor to redeem or reinstate the loan after the expiration of the period of redemption but before the public sale.  The mortgagee may convey the property to the mortgagor (redemption) or execute a waiver of foreclosure (reinstatement) and all other rights of all other parties shall remain as if no foreclosure had been commenced.

8.     Plaintiff will enter a minimum bid at the foreclosure sale.  If it is the successful bidder, it need not remit any funds to the Marshal, provided its bid does not exceed the amount due on its mortgage, costs of this action, and the expenses of sale.  The Marshal shall then deliver a deed conveying the mortgaged premises to the purchaser on behalf of the plaintiff.  Such deed shall convey the premises free and clear of all interests of Defendants and any person who may have acquired an interest in the premises after the time that the Court's Certificate with respect to this action was recorded in the Northern Aroostook County Registry of Deeds in Book 2074, Page 145, on September 17, 2019.  Thereafter, every person shall be

forever barred and foreclosed of all rights, claims, liens, and equity of redemption in the mortgaged real property.

9. If someone other than Plaintiff is the successful purchaser, the buyer will be responsible for any real estate taxes, assessments, water or sewer rents that may be due with respect to the mortgaged premises. From the proceeds of the sale of the real property, the Marshal shall first pay all costs including the costs and expenses of sale; then he shall pay Farm Service Agency the principal amount due on its mortgage of $412,690.68, together with $208,163.55 in interest as of January 10, 2020, for a total of $620,854.23, plus interest accruing thereafter to the date of Judgment at the rate of $44.6009 per day, plus any advances made thereafter under the terms of the mortgages and costs, plus interest at the legal rate from the date of Judgment to the date of sale and costs of suit. Then he shall pay Grand Falls Agromart, LTD the amount due under (a) a Writ of Execution dated October 18, 2009, and recorded in the Northern Aroostook County Registry of Deeds, Book 1659, Page 44 and (b) a UCC dated October 26, 2009, and recorded at the Secretary of State, Filing #2090001993890-10. Next he shall pay LVNV Funding, LLC the amount due to it under the Writ of Execution dated November 23, 2009, and recorded in the Northern Aroostook County Registry of Deeds, Book 1666, Page 276. Next he shall pay Maine Potato Growers, Inc. the amount due under a Writ of Execution dated April 1, 2010, and recorded in the Northern Aroostook County Registry of Deeds, Book 1674, Page 303. Next he shall pay Midland Funding, LLC the amount due on its Writ of Execution dated February 10, 2011, and recorded in

the Northern Aroostook County Registry of Deeds, Book 1712, Page 304.  Any surplusage shall then be remitted to Defendants.

      10.    A Report of Sale and Disbursement of any proceeds therefrom shall be filed with the Clerk.  If the plaintiff is the successful purchaser, the report shall indicate the amount of its bid which shall be credited against the amount due under its mortgages and security agreement.

      Dated this 9th day of March, 2020

      /s/ John A. Woodcock, Jr.
      JOHN A. WOODCOCK, JR.
      UNITED STATES DISTRICT JUDGE

ON CONSENT:

                                                HALSEY B. FRANK
                                                UNITED STATES ATTORNEY

Dated: March 3, 2020                /s/ Ashley E. Eiler
                                                Ashley E. Eiler
                                                Assistant United States Attorney
                                                U.S. Attorney's Office, District of Maine
                                                100 Middle Street
                                                East Tower, 6th Floor
                                                Portland, ME 04101
                                                (207) 771-3244
                                                Ashley.Eiler@usdoj.gov
                                                *Counsel for Plaintiff the United States*


Dated: January 30, 2020          /s/ Brian J. Lavertu
                                                Brian J. Lavertu
                                                28 Robin Lane
                                                Windham, Maine  04062
                                                *Defendant*

Dated: January 30, 2020          /s/ Vickie J. Lavertu
                                                Vickie J. Lavertu
                                                28 Robin Lane
                                                Windham, Maine  04062
                                                *Defendant*

| | |
|---|---|
| Dated: February 27, 2020 | /s/ Brent A. York, Esq.<br>Brent A. York, Esq.<br>Phillips, Olore, Dunlavey & York, P.A.<br>754 Main Street, Suite C<br>Presque Isle, Me 04769<br>207-769-2361<br>Email: byork@podlegal.com<br>*Counsel for Party-In-Interest Maine Potato Growers, Inc.* |
| Dated: February 26, 2020 | /s/ Richard L. Currier, Esq.<br>Richard L. Currier, Esq.<br>CURRIER, TRASK & DUNLEAVY<br>55 North Street<br>Presque Isle, ME  04769<br>Tel:  (207) 764-4193<br>Fax:  (207) 764-7593<br>Email:  rcurrier@curriertrask.com<br>*Counsel for Party-In-Interest Grand Falls Agromart, Ltd.* |
| Dated: February 27, 2020 | /s/ Melissa Byrd, Esq.<br>Melissa Byrd, Esq.<br>Midland Credit Management<br>320 E Big Beaver, Suite 300<br>Troy, MI  48083<br>*Counsel for Party-In-Interest Midland Funding, LLC* |
| Dated: March 2, 2020 | /s/ Wesley Boyd, Esq.<br>Wesley Boyd, Esq.<br>Resurgent Capital Services, LP<br>55 Beattie Place, Suite 400<br>Greenville, SC  29601<br>*Counsel for Party-In-Interest LVNV Funding LLC* |